(C.D. 3804)

WING ON COMPANY ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 28, 1969)

*Glad & Tuttle* (*George Tuttle* of counsel) for the plaintiffs.
*William D. Ruckelshaus,* Assistant Attorney General (*Harold L. Grossman,* trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

LANDIS, Judge: On call of these cases at San Francisco on May 22, 1968, counsel stipulated certain chinaware metal backed plates, described in the protest entries, as follows:

> * * * the seven and a half inch plate is in chief value of metal rather than in chief value of porcelain, and would now be advisorily classified under Paragraph 339, at 17 per cent, under the provision for table, household, kitchen, and hospital utensils, and hollow or flat ware not specially provided for, whether or not containing electrical heating elements as constituent parts, not made with platinum, gold, or silver, and composed in chief value of other base metal, other.

Protest claim as to all merchandise, other than the seven and one-half inch plate, was thereupon abandoned and plaintiffs' counsel proposed to perfect the above stipulation by further written stipulation with defendant. Counsel have now stipulated in writing as follows:

> IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed AJCN (Commodity Specialist's Initials) by A. J. C. Nielsen (Commodity Specialist's Name) on the protests enumerated on the attached Schedule "A" and assessed with duty at 45% under Paragraph 212, Tariff Act of 1930, in fact consist of chinaware plates with a metal back which are in chief value of base metal, are not plated with platinum, gold or silver and are chiefly used in the household.
>
> Plaintiff claims said merchandise is dutiable at 17% under Paragraph 339, Tariff Act of 1930, under the provision for table, household, kitchen and hospital utensils and hollow or flat ware n.s.p.f. whether or not containing electrical heating elements as constituent parts, not plated with platinum, gold, or silver and composed in chief value of other base metal, other.

The substance of these protests, filed under section 514 of the Tariff Act of 1930, and the facts stipulated thereto, are that pewter backed chinaware plates, assessed at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930 should be classified under paragraph 339 of the Tariff Act of 1930 and charged with the appropriate rate of duty thereunder. Defendant does not dispute that 17 per centum ad valorem is the appropriate rate, as claimed.

Accepting this stipulation as a statement of fact, we find and hold that the merchandise marked with the letter "A" and with the initials of the commodity specialist on the invoices of the entries in these protests, consists of chinaware plates with a metal back in chief value of base metal, not plated with platinum, gold, or silver, dutiable at 17 per centum under paragraph 339 of the Tariff Act of 1930, as modified.

To the extent indicated the protests are sustained. The protests, having been abandoned as to all other item merchandise, are dismissed as to said items.

Judgment will be entered accordingly.